UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONNIE LUCKETT (#99443)                                                  CIVIL ACTION

VERSUS

WARDEN BURL N. CAIN, ET AL.                                  NO. 13-0722-SDD-RLB

**O R D E R**

This matter comes before the Court on the plaintiff's "Request" (Rec. Doc. 7), pursuant to which he seeks to "change the caption" of this proceeding and to thereby add the Robert E. Barrow, Jr., Treatment Center as a defendant herein. This motion shall be denied. Although Rule 15 of the Federal Rules of Civil Procedure "evinces a strong bias in favor of granting a motion for leave to amend," *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994), the Court may deny such leave when the amendment would be futile, as where it would assert a non-meritorious or frivolous claim. *Id. See also Soliz v. Bennett*, 150 Fed. Appx. 282, 285-86 (5th Cir. 2005).

Upon a review of the instant "Request" by the plaintiff, the Court concludes that the proposed amendment would be futile. Specifically, pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as the prison Treatment Center to sue or be sued is determined by the law of the state in which the district court sits. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). Further, pursuant to the language of 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The referenced Treatment Center is not a person within the meaning of this statute. *See, e.g., Brewin v. St. Tammany Parish Correctional Center*, 2009 WL 1491179, *2 (W.D. La. May 26, 2009) ("a

'department' within a prison facility is not a 'person' under § 1983"). Finally, to the extent that the plaintiff's proposed amendment may be interpreted as naming the prison itself as a defendant, this entity, as well, is not a "person" within the meaning of § 1983. *See Id. See also Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La. Aug. 1, 2007) (finding that a state correctional facility is not a person within the meaning of this statute); *Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La. Feb. 11, 2009) (reiterating that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, the plaintiff fails to state a cause of action against either the prison or the Robert E. Barrow, Jr., Treatment Center, and because the proposed amendment would be futile, the amendment shall not be allowed. Therefore,

**IT IS ORDERED** that the plaintiff's "Request" (Rec. Doc. 7), be and it is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on May 19, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**