# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONNIE LUCKETT (#99443)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN BURL N. CAIN, ET AL.** | **NO. 13-0722-SDD-RLB** |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on May 18, 2015.

                                                    RICHARD L. BOURGEOIS, JR.
                                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONNIE LUCKETT (#99443)                                      CIVIL ACTION

VERSUS

WARDEN BURL N. CAIN, ET AL.                                  NO. 13-0722-SDD-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Secretary James LeBlanc, complaining that he has made repeated attempts to obtain a test to determine his "blood type," apparently in order to establish his innocence in connection with three (3) convictions of aggravated rape, that he asserts "rest almost solely on blood type analysts." According to the plaintiff, however, his attempts have "been obstructed by Warden Burl Cain."[1] In addition, the plaintiff complains that he has addressed correspondence about this problem to defendant James LeBlanc, the Secretary of the Louisiana Department of Corrections, but defendant LeBlanc has not responded to this correspondence. The plaintiff prays solely for injunctive relief in this case, seeking an order compelling the defendants to "allow me the right to have a proper blood (blood type) analysist [sic] done."

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a

---

1. The plaintiff asserts that, in response to his requests, prison officials have informed him that the prison laboratory will only undertake blood-typing at the request of an attorney or pursuant to a court order.

claim upon which relief may be granted. An action or claim is properly dismissed under these statutes if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff's allegations fail to state a claim cognizable in this Court. To state a claim under § 1983, a plaintiff must allege that there has been a violation of a right secured by the Constitution, laws or treaties of the United States. *See Elam v. Lykos*, 470 Fed. Appx. 275 (5th Cir. 2012); *Southwestern Bell Telephone v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). In the instant case, whereas the plaintiff alleges that he has made repeated requests to have his blood drawn for blood-typing, he does not identify the constitutional basis for his right to this relief, and this Court is aware of none. Although the plaintiff asserts that he wants the requested information "to put in my medical record and have it for me to know it" (internal quotation marks omitted), he makes no suggestion that there is any medical need associated with his request and no indication that a failure to obtain the requested information will have any impact upon his medical care or treatment. Instead, it appears that the plaintiff's principal focus is upon

the presumed benefit that he will obtain in connection with an attack upon his criminal proceedings. In this regard, he suggests in the Complaint that he needs the requested information because his three convictions for aggravated rape, which arose from proceedings conducted in 1991 in the Civil District Court for the Parish of Orleans, State of Louisiana, "rest almost solely on blood type analysts," and the requested information will "prove [his] innocence" and is necessary "for [his] court case." He provides no factual basis for his conclusory assertions in this regard, however, and in any event, the relief that he seeks in this context, if attainable at all, is more appropriately pursued in the state courts and, only upon denial, in a subsequent proceeding in an appropriate federal court.[2]

Although not stated as such, the Court interprets the plaintiff's claim as essentially seeking to obtain blood type analysis for the purpose of undertaking a comparison with evidence obtained during the investigation of his criminal case and/or used against him during his criminal trial. In this regard, however, the law is clear that there is no free-standing substantive due process right to post-conviction forensic testing. *See District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 72-73 (2009) (decided in the context of a request for DNA testing). Instead, the courts have recognized only that, where a state has provided a

---

2. The plaintiff has previously pursued federal habeas corpus relief in the United States District Court for the Eastern District of Louisiana, and his application before that Court was dismissed as untimely. *See Luckett v. Cain*, 2003 WL 21284175 (E.D. La. June 3, 2008). The Court further notes that, whereas the plaintiff complains in the instant case of his alleged wrongful conviction on three counts of aggravated rape, he was also simultaneously convicted in the Orleans Parish court of numerous additional offenses, including "three counts of aggravated burglary, three counts of armed robbery, two counts of aggravated crime against nature, one count of forcible rape, one count of simple burglary, one count of simple robbery, and one count of aggravated battery." *See id.* He received lengthy sentences in connection with each of these offenses, and all sentences were ordered to be served consecutively. The plaintiff makes no assertion that his requested blood typing would exonerate him from guilt in connection with these additional convictions.

procedural mechanism for pursuing post-conviction relief in the form of post-trial forensic testing of evidence, such procedure must comport with procedural due process and must provide litigants with a fair opportunity to assert their state-created rights. *See Elam v. Lykos*, 470 Fed. Appx. 275, 276 (5th Cir. 2012), *citing Skinner v. Switzer*, 562 U.S. 521 (2011) (noting that "[w]hile there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing," state-created procedures to do so must be adequate to protect the state-created right). It is only when such procedures are deficient that an inmate may pursue a § 1983 lawsuit in federal court seeking the vindication of his procedural due process rights. *See Skinner v. Switzer, supra*.

In the instant case, whereas the State of Louisiana has created a procedural mechanism for obtaining post-trial forensic DNA testing of evidence gathered and/or utilized during criminal proceedings, *see* La. Code Crim. P. art. 926.1, the Court is not aware of any similar procedure available for obtaining mere blood-typing or for compelling state officials to undertake such testing. However, even assuming that the plaintiff may profess to have some state-created due process right, cognizable upon federal review, he would be required, pursuant to the reasoning employed by the United States Court of Appeals for the Fifth Circuit in *Emerson v. Thaler*, 544 Fed. Appx. 325 (5th Cir. 2013), to employ the state-created procedures and then, only upon denial, would he be able to pursue additional remedies in federal court.

In *Emerson, supra*, a convicted inmate alleged that he had attempted to employ the procedural mechanism authorized by Texas state law for obtaining forensic DNA testing of certain evidence gathered during the investigation of his criminal case, but he complained that the state court had not responded to his requests. In rejecting the inmate's § 1983 claim as groundless, the Fifth Circuit concluded that the plaintiff had failed to sufficiently show that he

had pursued available state procedures, and this failure rendered his claim not properly before the Court. As stated by the Fifth Circuit Court:

> In *Skinner [v. Switzer, supra]*, the Supreme Court held that post-conviction claims for access to evidence for DNA testing can be brought under § 1983, but did not set forth standards for analyzing the merits of such claims.... In *Skinner* and post *Skinner* cases ... the prisoner seeking testing was challenging the denial by the state courts of his requests for DNA testing. Here, Emerson has received no denial. Though he argues that the state procedures proved futile because he did not receive a disposition of his motions, he does not state ... that he took any action in the state court beyond initially filing the motions. Stating allegations that he filed motions for DNA testing in state court and has received no response is not sufficient to state a claim that the Texas state procedures governing DNA testing are fundamentally inadequate and require federal court intervention in the state post-conviction framework. Because the state has not actually denied his motions for DNA testing, Emerson's claim that Texas violated his due process rights by denying him DNA testing was correctly dismissed for failure to state a claim.

*Id.* at 328 (internal citations omitted). *See also Hernandez v. Wathen*, 2014 WL 803583, *3 n. 1 (N.D. Tex. Feb. 28, 2014) (concluding, in response to the plaintiff's assertion that he was willing to take a blood test, that he would be required to first utilize the state procedures for obtaining DNA testing and, upon denial, "may then challenge that ruling in federal court" pursuant to § 1983).

Based on the foregoing, the Court concludes that the plaintiff in the instant case, who alleges only that he has pursued one or more administrative claims and addressed correspondence to prison officials, and has not alleged that he has attempted to utilize any judicial procedures authorized by the State of Louisiana for obtaining post-trial forensic blood-typing, has failed to state a claim of the violation of his procedural due process rights. To the extent that he may wish to pursue a claim for forensic testing in connection with the evidence obtained or used against him, he is advised that he should first proceed in the state trial and appellate courts and, if unsuccessful, may then attempt to pursue further relief under § 1983 in federal court in accordance with *Skinner v. Switzer, supra*.

## RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on May 18, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

4. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."